USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BYRON ROTH, DAVID FARINA, and
JARED SCHRAMM,

       Petitioners,

v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, MATTHEW B. PROMAN,

       Respondents.

No.18-CV-10383 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  Petitioners Byron Roth, David Farina, and Jared Schramm seek confirmation of an arbitration award entered by the Financial Industry Regulatory Authority ("FINRA") Office of Arbitration. Respondents do not oppose the petition. For the reasons that follow, the petition is granted.

## BACKGROUND

  Petitioner Byron Roth is Chairman and Chief Executive Officer of Roth Capital Partners ("RCP"), a full-service investment banking firm. Pet. ¶ 3 (Dkt. 1). Petitioners David Farina and Jason Schramm are managing directors of RCP. *Id.* ¶¶ 4–5. In July 2015, Respondent Matthew B. Proman engaged RCP to sell shares he owned in a public company, Professional Diversity Network ("PDN"). *Id.* ¶ 14. On May 2, 2016, RCP facilitated the sale of 3,055,000 of Proman's PDN shares at $0.60 per share. *Id.* ¶ 16; Ellice Decl., Ex. 3 at 9 (Dkt. 5-3). Petitioners informed Proman that 860,000 of those shares were sold to Petitioners and other RCP-related accounts due to difficulties RCP faced in raising sufficient third-party interest in the shares. Pet. ¶ 16; Ellis Decl., Ex. 3 at 9. On August 15, 2016, PDN announced that it had entered into an agreement to

sell a controlling interest in PDN to Cosmic Forward Limited ("CFL"), a special purpose vehicle formed by certain investors, at $1.20 per share. Pet. ¶ 19.

On January 20, 2017, Proman commenced a FINRA arbitration proceeding (the "Arbitration") against Petitioners and RCP, alleging that Petitioners relied upon non-public information regarding CFL's future acquisition of PDN when Petitioners purchased Proman's PDN shares. Pet. ¶¶ 11, 20. Proman sought approximately $2 million in compensatory damages against Petitioners based on breach of contract, breach of fiduciary duty, securities fraud, and related claims. *Id.*

After three days of evidentiary hearings in front of the Arbitration panel, on April 11, 2018, the parties signed an Agreement of Settlement and Release (the "Settlement Agreement") in which Proman agreed to withdraw his claims before the Arbitration panel. *Id.* ¶ 23. On the same day, the Arbitration panel held another hearing on Petitioners' request that the records of the Arbitration (FINRA No. 17-00192) be expunged from Petitioners' Central Registration Depository ("CRD") records, pursuant to FINRA Rule 2080, which required that "persons seeking to expunge information from the CRD system arising from disputes with customers" obtain "an order . . . confirming an arbitration award containing expungement relief." Pet. ¶ 25. Proman did not participate in this expungement hearing nor did he contest Petitioners' request for expungement. Award at 2, Ellis Decl. Ex. 1 (Dkt 5-1).

On April 24, 2018, the Arbitration panel issued a unanimous decision recommending expungement of all references to the Arbitration in Petitioners' CRD records. Award at 3. On November 8, 2018, Petitioners filed the instant Petition to confirm the award. Proman did not file an opposition and FINRA filed a letter on December 11, 2018, stating that it did not contest the award.

## LEGAL STANDARD

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alterations omitted). Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110.

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The same standard applies to unopposed motions for summary judgment." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc.*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at *2 (S.D.N.Y. Oct. 20, 2016). Thus, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

## DISCUSSION

The Court finds that summary judgment is appropriate here because Petitioners have demonstrated that there is no material issue of fact in dispute.

"In recommending expungement," the Arbitration panel "relied upon . . . the pleadings, [Proman's] withdrawal of all claims and allegations under notarial execution, the testimonies and documentary evidence." Award at 3. This included the settlement agreement between the parties which the Arbitration panel noted "was not conditioned on [Proman] not opposing the request for expungement." Award at 3. The award emphasized that its recommendation of expungement was based on Proman's notarized document withdrawing his claims as false. *See* Retraction and Withdrawal of Claims, Ellice Decl. Ex. 4 at ¶ 3. In his retraction, Proman attested that "with the benefit of live testimony at the arbitration hearing" he "learn[ed] that there [wa]s no factual support for [his] allegations that [Petitioners] were in possession of material non-public information when they bought a portion" of the PDN stock. Pet. ¶ 24; Ellice Decl. Ex. 4 at ¶ 3. Proman therefore agreed "to retract and withdraw all claims of wrongdoing" against Petitioners "as if never filed." *Id.* ¶ 4.

The record provides an ample basis for the award, as does the Arbitration panel's explanation for its recommendation of expungement. *See Manor House Capital, LLC v. Pritsker*, No. 14 Civ. 7922(GBD), 2015 WL 273684, at *3 (S.D.N.Y. Jan. 15, 2015) (confirming award recommending the expungement of the arbitration from petitioner's CRD records because it provided a "colorable justification for the outcome reached."). And the Court has no basis to infer that the Arbitration panel acted outside the scope of its authority in issuing the award. Accordingly, the undisputed evidence demonstrates that "no material issue of fact remains for trial," and Petitioners have therefore met their burden to establish that the award must be confirmed. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

## CONCLUSION

For the foregoing reasons, the Petition to Confirm the award is GRANTED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:     May 6, 2019
                New York, New York

_____
Ronnie Abrams
United States District Judge